UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DAVID WRIGHT, )<br>)<br>    Defendant )<br>) | CRIMINAL NO. 15-10153-WGY |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE QUESTIONING
BY DEFENSE REGARDING THE NAMES OF LAW ENFORCEMENT
INVOLVED IN SHOOTING OF USAAMAH RAHIM**

The government hereby moves for an order precluding the defense from asking any witness questions at trial regarding the identity of law enforcement officers and agents involved in the shooting of Usaamah Abdullah Rahim ("Rahim") on the grounds that such information is irrelevant to any element of the charges. *See United States v. Lamberty*, 778 F.2d 59, 60–61 (1st Cir. 1985) (relevancy of evidence determined by relationship to elements of offense or any proffered defense); *see also* Fed. R. Evid 401(a) (evidence is only "relevant" if "has any tendency to make a fact more or less probable than it would be without [such] evidence."). On the morning of June 2, 2015, Rahim, Wright's uncle and co-conspirator, attempted to attack police officers with a knife in Roslindale, Massachusetts, on behalf of Islamic State of Iraq and al-Sham ("ISIS"). Rahim was shot and killed when he refused to drop his knife, despite several orders to do so, and lunged towards law enforcement in a public parking lot.

In addition to being irrelevant, the public disclosure of the identities of Rahim's shooters will likely be used by ISIS in their propaganda materials and calls to commit attacks in the United States. Since late 2014, using social media, ISIS has issued kill lists to their followers. For example, in March 2015, ISIS posted the names and addresses of 100 U.S. military service

members on the internet and instructed their supporters to "kill them in their own lands, behead them in their own homes, stab them to death as they walk their streets thinking they are safe …" *See* Superseding Ind. at ¶ 6.  Most recently, on April 6, 2017, a group of hackers supporting ISIS known as the United Cyber Caliphate ("UCC") released a "kill list" with the names of 8,786 people, primarily from the United States and the United Kingdom, and ordered ISIS supporters to murder the people on the list.  This chilling message was delivered using a video posted on Telegram, a private messaging application.  In June 2016, UCC used Telegram to post a similar kill list of 8,318 individuals from around the world and a message urging ISIS supporters to kill those on the list in order to avenge "Muslims.

In order for evidence to be relevant, it must relate to the elements of the charges or a proffered defense.  *Lamberty*, 778 F.2d at 60–61; *United States v. Spinosa*, 982 F.2d 610, 629 (1st Cir. 1992).  Courts routinely exclude irrelevant information from trial.  *See id.; see also United States v. Taylor*, 900 F.2d 779, 782 (4th Cir. 1990); *SEC v. Spencer Pharmaceutical, Inc.*, 58 F.Supp.3d 165, 166 (D. Mass. 2014); *United States v. Lippold*, No. 06-30002, 2006 WL 3780983 at *1 (C.D. Ill. July 11, 2006).  Irrelevant evidence includes information about which others may be curious but that otherwise does not aid in proving or disproving the charges.  *See Lamberty*, 778 F.2d at 60-61 (affirming exclusion of testimony about why law enforcement initiated investigation of defendant); *Taylor*, 900 F.2d at 782 (concluding testimony about why law enforcement investigated the defendant for drug dealing was irrelevant to proving the charges); *Spencer Pharmaceutical*, 58 F. Supp. 3d at 166 (excluding evidence regarding the negative effects of the SEC's investigation on the defendant and the potential collateral consequences of a negative judgment); *Lippold*, 2007 WL 3780983, *1 (court determined that evidence of the lack of harm done to the environment or human health by defendant's actions was irrelevant to charge

of violating the Clean Water Act because demonstration of harm was not an element of the charged offense nor was lack of harm a viable defense).

The identities of the law enforcement officers and agents involved in the shooting of Rahim have no bearing on any of the elements of the five charges against the defendant. The Second Superseding Indictment charges the defendant with: (1) conspiring with Rahim, Nicholas Rovinski, and others to provide material support to ISIS, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 1); (2) conspiring with his now deceased uncle, Usaamah Abdullah Rahim ("Rahim"), to obstruct justice by instructing Rahim to destroy a laptop computer and mobile phone in violation of 18 U.S.C. § 1519 (Count 2); (3) obstructing justice by causing Rahim to destroy his computer in violation of 18 U.S.C. § 1519 (Count 3); (4) conspiring to commit acts of terrorism transcending national boundaries in violation of 18 U.S.C. § 2332(b)(a)(2) and (c) (Count 4); and (5) obstructing justice by deleting data from his own computer minutes after learning that his uncle and co-conspirator had been killed by law enforcement after he attempted to attack police officers with a knife in Roslindale, Massachusetts, in violation of 18 U.S.C. § 1519 (Count 5). For example, the elements of Count One are:

> First, from a date unknown but no later than in or about February 2015 and continuing until at least August 2015, in the District of Massachusetts and elsewhere, there was an agreement between the defendant and at least one other person to provide material support or resources to ISIS;
>
> Second, the defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish it;
>
> Third, ISIS was a designated foreign terrorist organization at the time of the conspiracy; and
>
> Fourth, the defendant knew that ISIS was a designated foreign terrorist organization, or that the organization had engaged, or was engaging in terrorist activity or terrorism; and

Further, the alleged overt acts of Counts Two (conspiracy to obstruct justice) and Four (conspiracy to commit acts of terrorism transcending national boundaries) only require the government to prove the actions of Wright and his co-conspirators.  Thus, the only evidence that is relevant is the actions taken by Rahim that resulted in him being shot by law enforcement and Wright's actions after learning that Rahim had been shot by law enforcement.  Thus, the government intends to simply elicit testimony that Rahim was shot and died from his injuries.

Even if the court were to determine that the identities of the shooters is arguably relevant, the Court should not allow the defense to ask questions designed to publicly disclose the names of the shooters without performing a balancing test.  *See United States v. Moon*, 802 F.3d 135, 151 (1st Cir. 2015) (citing *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957)); *United States v. Mills*, 710 F.3d 5, 13–14 (1st. Cir. 2013); *United States v. Perez*, 299 F.3d 1, 4 (1st Cir. 2002) (applying balancing test for revealing identity of confidential informant).  Because the identity of the shooters is not essential to the charges or any proffered defense and the stake in confidentiality is high (*i.e.* likely negative consequences of disclosure), on balance the Court should grant this motion and preclude any questioning on this subject matter.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this motion be granted and that the defense be barred from asking any witness questions at trial regarding the identity of law enforcement officers involved in the shooting of Rahim.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney
District of Massachusetts

By: /s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant U.S. Attorney

Gregory R. Gonzalez, Trial Attorney
U.S. Department of Justice, National Security Div.

## CERTIFICATION UNDER RULE 7.1(a)(2)

The government has attempted in good faith to confer with counsel for the defendant pursuant to Local Rule 7.1(a)(2) prior to filing this motion.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on July 13, 2017 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant United States Attorney