UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 15-10153-WGY |
| DAVID WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | **FILED UNDER SEAL** |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S ONLINE CONVERSATIONS WITH THE CHS**

The Government hereby opposes the Defendant's Motion in Limine to Exclude the defendant's online conversations with the CHS. The defendant seeks to exclude these communications on the grounds that they are not authentic and constitute hearsay. Both of these grounds are without merit. For the reasons described below, the Court should find that the defendant's online chat conversations with the CHS are admissible as they meet the authenticity requirements of Fed. R. Evid. 901(a) and are not hearsay as they are admissions of the defendant under Fed. R. Evid. 801(d)(2)(A).

**Factual Background**

The defendant communicated with the CHS on Facebook from approximately December 2013 through May 2015. On April 24, 2015, Wright informed the CHS during a Facebook conversation, which was obtained pursuant to a search warrant to Facebook that: "Facebook … is being monitored" and that he wished to share information with CHS that show "that what I have to say is that serious" on a "secure network which was created by some programmers in Sweden." This network was "unseen.is." Wright provided the CHS instructions on how to use this encrypted platform. The CHS followed these instructions and set up an account on unseen.is. Using Facebook, the defendant and the CHS then shared their unseen.is user names.

On April 24, 2015 and May 17, 2015, Wright engaged in two online conversations with the CHS on the unseen.is platform. The CHS will authenticate these conversations and testify that he used the user name "Samikareem" while Wright used "Shadowcloak" and "aomega889." Indeed, the defendant admitted to the interviewing agents on June 2, 2015, that he had used unseen.is and used a user name containing the word "shadow."

The CHS will further testify that he copied and pasted the contents of these conversations verbatim into electronic documents that the CHS provided to the FBI. The defendant wanted to use unseen.is because it is an encrypted platform that, unlike Facebook, does not preserve the contents of any communications. Accordingly, the only way the CHS could preserve the online statements of the defendant was to copy and paste them into a Microsoft Word document, which he did. The CHS has confirmed and will testify that Exhibit 51 (a copy of which is attached hereto as Exhibit A) is identical to the documents he provided to the FBI and contains the exact words of the defendant from their online conversations.[1]

During these online conversations, Wright detailed his plans to "wage war on these kuffar here in America," organize attacks "in at least 10 states across the country" because Wright believed "attacking in one place is not sufficient like Boston." In these communications, Wright additionally acknowledged that he was one of the Islamic State's "71 Mujahid fighters" in the United States. Wright also revealed to the CHS that he had given "bayah" (an Arabic word that means "pledge of allegiance") to Abu Bakr al-Baghadi (referred to as "Amirul Mumineen,"

---

[1] The CHS used the word "me" to distinguish his words from the defendant. He also provided a one paragraph introduction on the top of the first page and asked a few questions of the defendant. The remainder of the statements in the 11-page document were made by the defendant. In addition to the user names identified above (shadowcloak and aomega889), "Umar" is the alias that the defendant was using with the CHS.

2

which is an Arabic word meaning the leader of the faithful) and that if any Muslim tried to betray Wright, Wright "would personally remove his head from his body."

## ARGUMENT

### A.    Authentication

Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). When the authenticity of a document is challenged, as it is here, the trial court must determine "whether there is sufficient threshold proof that the document is what its proponent claims it to be. Rule 901(a) "does not erect a particularly high hurdle." *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992). To satisfy the requirement of authentication under Fed. R. Evid. 901(a), "the proponent of the evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The showing necessary under Rule 901 is "undemanding" and only requires the trial court to make a determination that "'there is a reasonable probability that the evidence is what it is purported to be.'" *United States v. Appolon*, 715 F.3d 362, 371 (1st Cir. 2013) (quoting *United States v. Carlos Cruz*, 352 F.3d 499, 506 (1st Cir. 2003)); *United States v. Alicea-Cardoza*, 132 F.3d 1, 4 (1st Cir. 1997) (standard for authentication is "reasonable likelihood") (quotation omitted). In fact, "the Court need not find that the evidence is necessarily what the proponent claims, but only that there is sufficient evidence that the *jury* ultimately might do so." *United States v. Safavian*, 435 F. Supp.2d 36, 38 (D.D.C. 2006) (emphasis in original).

Moreover, to establish authenticity, the United States "need not rule out 'all possibilities inconsistent with authenticity, or . . . prove beyond any doubt that the evidence is what it

purports to be.'" *Alicea-Cardoza*, 132 F.3d at 4 (citation omitted).  Ultimately, "if the district court is satisfied that the evidence is sufficient to allow a reasonable person to believe the evidence is what it purports to be, Rule 901(a) is satisfied and the jury may decide what weight it will give the evidence."  *Id.* at 4; *see United States v. Paulino*, 13 F.3d 20, 23 (1st Cir. 1994) ("If the court discerns enough support in the record to warrant a reasonable person in determining that the evidence is what it purports to be, then Rule 901(a) is satisfied and the weight to be given to the evidence is left to the jury.").

Here, the government will be calling a witness with personal knowledge who will authenticate the statements of the defendant.  This is sufficient under Rule 901(b)(1).  The government will be able to establish to a reasonable degree of probability that the document contains the online communications of the defendant using a person who participated in those communications with the defendant.

**B.     Defendant's online statements to CHS are not Hearsay.**

The written words of a defendant contained in text messages, e-mails, and online chat conversations constitute admissions and are therefore not hearsay.  *See* Fed. R. Evid. 801(d)(2)(A) (defining admissions as a statement made by the opposing party); Fed. R. Evid. 801(a) (defining "statement" to include a "written assertion").  Similarly, the online statements of Wright in a chat conversation with the CHS on unseen.is are also admissions under 801(d). *See United States v. Manning*, 738 F.3d 937, 943-44 (8th Cir. 2014) (finding no error in admission of defendant's online chat conversations); *United States v. Tragas*, 727 F.3d 610, 615 (6th Cir. 2013) (finding defendant's online chat conversations properly admitted as statements of a party-opponent under Rule 801(d)(2)).  The questions posed to Wright by the CHS during this online chat conversation are also admissible as they put the defendant's admissions into context.

4

*See United States v. Catano*, 65 F.3d 219, 225 (1st Cir. 1995) (other parts of a conversation that are "reciprocal and integrated utterance(s) … reasonably required to place [the defendant's] admissions into context" are not hearsay); *see also United States v. Santiago,* 566 F.3d 65, 66 (1st Cir. 2009) (admitting informants' statements for limited purpose of providing the proper context for the conversations between the informants and the defendant).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the defendant's motion to exclude the defendant's online conversations with the CHS on unseen.is. be denied.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney
District of Massachusetts

By: /s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant U.S. Attorney

Gregory R. Gonzalez, Trial Attorney
U.S. Department of Justice, National Security Div.

## CERTIFICATE OF SERVICE

I hereby certify that this document was sent via e-mail to counsel for the defendant on this 5th day of September, 2017.

/s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant United States Attorney