UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID WRIGHT,<br><br>    Defendant. | CRIMINAL ACTION<br>NO. 15-10153-WGY |

YOUNG, D.J.                October 20, 2017

**ORDER**

  Routed and in retreat, their territorial aspirations today but a bitter memory among blackened ruins, ISIS nonetheless remains a viciously dangerous yet shifting and shadowy group of depraved international terrorists. See Testimony of Aaron Zelin, September 28, 2017. ISIS can best be compared to the Thugs of two centuries ago. See Edward Thornton, <u>Illustrations of the History and Practices of the Thugs</u> (London, W.H. Allen & Co. 1837). Both embrace a quasi-culture of nihilism, hate, and ostentatious barbarism. Of course, ISIS will go the way of the Thugs -- unlamented and mostly forgotten.

  For now, however, some remain. Fear is their stock in trades -- fear they seek to leverage into power through vapid boasts wholly out of touch with reality -- "alternative facts" if you will. See, e.g., Trial Exhibit 343 at 10-14 (excerpt of

images from Wright's computer) (ISIS boasting they have names and home addresses of certain of our military personnel and crowing that one moved his family in response to their posting).

Here, the link to ISIS has been proven beyond a reasonable doubt. Jury Verdict, ECF No. 343. This Court will provide no aid and comfort to ISIS propaganda. Therefore, even though there is no credible threat against anyone involved in this prosecution (I've checked), I will not follow my usual practice and reveal the names and home addresses of the jurors now that the case is over since this data may then be plastered permanently on the internet. See generally Noam Cohen, Silicon Valley is not Your Friend, N.Y. Times (Oct. 13, 2017), https://www.nytimes.com/interactive/2017/10/13/opinion/sunday/Silicon-Valley-Is-Not-Your-Friend.html.

At the same time, the press should be accorded its constitutionally protected news gathering function. United States v. Hurley, (In re Globe Newspaper Co.), 920 F.2d 88, 93-94, 98 (1st Cir. 1990). (This is especially important now that, in certain rare circumstances, a jury verdict may be impeached upon intrinsic evidence. See Pena-Rodriguez v. Colorado, 137 S. Ct. 855, 870 (2017).)

The way to reconcile these national security concerns with the First Amendment is through a carefully crafted protective order.

[2]

**ACCORDINGLY**, no sooner than seven days after the jury verdict,[1] i.e., October 25, 2017, interested news organizations may propose a protective order that will secure the jurors' personal identifiers from unnecessary dissemination on the internet. Upon the entry of a satisfactory protective order, the Court will provide the names of the deliberating jurors and the cities or towns in which they each reside.

The Court recognizes that not providing actual home addresses occasions some additional burden on the press but this is the policy of the United States Judicial Conference. See Judicial Conference of the United States, Privacy Policy for Electronic Case Files (March 2008), http://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files; accord Order on Intervenor Trustees of Boston University's Mot. Recons., United States v. Cadden, No. 14-10363-RGS (D. Mass. June 22, 2017) (Stearns, J.), ECF No. 1134. It is entirely appropriate (and constitutional) to impose this burden as a cost of access to this data. Compare S.J.C. Rule 1:19, "Electronic Access to the Courts", as amended, 431 Mass. 1301 (2012) (camera access to

---

[1] This brief delay allows jurors to resume their normal lives, reflect on their service, and consult with family and friends before receiving calls from the press. See United States v. Butt, 753 F. Supp. 44, 45-46 (D. Mass. 1990); United States v. Doherty, 675 F. Supp. 719, 724-725 (D. Mass. 1987).

[3]

Massachusetts court requires an undertaking not to film or photograph jurors); United States Judicial Conference Committee on Court Administration and Case Management, <u>Guidelines for the Cameras Pilot Project in the District Courts</u> (June 2011), http://www.uscourts.gov/sites/default/files/camerasguidelines.pdf (jurors are not to be recorded at any time).

    **SO ORDERED.**

                                                         */s/ William G. Young*
                                                         WILLIAM G. YOUNG
                                                         DISTRICT JUDGE