**NOTICE OF JUDICIAL REMINDER**

Name: DAVID DAOUD WRIGHT
Reg#: 96674-038
FCI Terre Haute
P.O. Box 33
Terre Haute, IN 47808

FILED IN CLERKS OFFICE
2019 NOV 13 PM 1:35
U.S. DISTRICT COURT
DISTRICT OF MASS.

DATE: (Monday) October 28, 2019

Judge WILLIAM G. YOUNG, I hope this letter reaches you in the best state of affairs and well-being. As for what follows;

1. In light of the gov. decision **not** to retry the case for the def. on ct. 1 (e.g. Conspiracy to Provide Material Support to a Foreign Terrorist Organization), a judgment of acquittal must be entered on the aforementioned account, a not guilty verdict.

2. Pursuant to the Federal Rule of Civil Procedure 60(b)(1)(4)(5) & (6), the def. proceeds and explains thus;

    (1) THE STATE INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT

    - In this case, the Appellate Court overturned and "vacated" the def. ct. 1 and remanded to the district court for further proceedings (e.g. "New Trial" or "Dismissal, Vacation"), and here the gov. has decided not to retry the def. on ct. 1, hereby compelling this court to vacate ct. 1.

    (4) THE JUDGMENT IS VOID

    - In this case, the gov. decision not to retry the def. on ct. 1 has now left the remanded decision of the Appellate Court (as it relates to a "New Trial") void, and def. ct. 1 must now be vacated.

    (5) THE JUDGMENT HAS BEEN SATISFIED, RELEASED OR DISCHARGED: IT IS BASED ON AN EARLIER JUDGMENT THAT HAS BEEN REVERSED OR VACATED: OR APPLYING IT PROSPECTIVELY IS NO LONGER EQUITABLE

    - In this case, the gov. has decided not to retry the def. on ct. 1 and the "vacated" ct. 1 must now be affirmed as "vacated" by this court. In addition to the aforementioned, the def. requests that counts 2-5 be vacated and a judgment of acquittal be entered, since counts 2-5 are dependent on the ct. 1, which has been effectively vacated. The spill-over effect of the (Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization) evidence used at Trial, was so overwhelming, it saturated every other count so that the def. is entitled to a NEW TRIAL on counts 2-5 without any evidence of ct. 1 being introduced — since def. is in fact to be acquitted of that conduct.

    (6) ANY OTHER REASON THAT JUSTIFIES RELIEF

    - In this case, justice demands at a minimal degree, a NEW TRIAL on counts 2-5.

    (see also Supreme Court Decision — Gonzalez v. Crosby 545 U.S. 524 (2005))

3. It would be a miscarriage of justice (see *United States v. Rodriguez*, 1810 F.2d 12 (1st Cir. 1986) (quoting *United States v. Indelicate*, 611 F.2d 376, 387 (1st Cir. 1979), per counts 2-5 not to be vacated or preferably be granted a New Trial in the absence of Ct. 1 (e.g. Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization) conviction.

## CONCLUSION

Judge Young, as it can hardly be disputed, this entire case was anchored by and centered around Ct. 1, def. alleged (Conspiracy to Provide Material Support...) that it cannot be argued, the acquittal on this count demands the dismissal of counts 2-5 or at a minimum (preferably) a New Trial on these counts... Even def.'s sentence of 28 years was principally predicated on this conviction (e.g. Ct. 1), such that in the absence of this conviction, the def. should be resentenced to a far less severe sentence than three (3) decades of incarceration.

If counts 2-5 will not be vacated and a New Trial on the aforementioned is granted, then this will afford the def. a fair and just opportunity to prove and establish his innocence of the counts 2-5; as the Appeals Court correctly recognized of the def. as it relates to Ct. 1 that:

"Wright testified extensively at (his) trial.." and that "Consistent with this aspect of Wright's testimony, we note, Wright also offered expert testimony from a neuropsychologist...." they stated (among other things);

"Taking account of that factor here, we conclude that a rational jury could have found from this evidence that Wright could have been simply "role-playing" with respect to following ISIS's direction." (see Appellate Court 18-1039, pg 47-48)

[RESPECTFULLY SUBMITTED]
Sincerely, [signature]