UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 15-10153-DPW |
| DAVID WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM
REGARDING THE SCOPE OF RESENTENCING**

The Government hereby responds to the defendant's memorandum regarding the scope of the resentencing. At the outset, the Government notes its agreement with the Court that it has "plenary" authority at the re-sentencing and may impose a higher or lower sentence than that imposed by Judge Young at the original sentencing. The Defendant has conceded that "the proceedings are effectively *de novo*." Def. Mem. at 1 (Doc. #450). Indeed, the U.S. Supreme Court has made clear that a general remand for resentencing like the one here does "not place any limitations on the discretion of [a] newly assigned district court judge in resentencing [a defendant]." *Pepper v. United States*, 562 U.S. 476, 506 (2011). In *Pepper*, like this case, a new judge was assigned on remand to handle the re-sentencing. *Id.* at 483-486 (this was actually Pepper's second re-sentencing as the first re-sentencing was handled by the original district court judge). The *Pepper* Court concluded that because the case had been remanded for *de novo* resentencing, the new judge was not bound to apply the same departures as that applied by the original district court judge at Pepper's prior sentencing. *Id.* at 507-508.

Here, too, this Court is not bound to impose the same 28-year sentence of imprisonment as that imposed by Judge Young, which constituted a significant downward departure from the guideline sentence recommendation of life advocated by the Government. *See* Memorandum of

Decision (D.J. Young) dated Jan. 22, 2018, Doc. #421 (concluding Guidelines applicable to Count 4, conspiracy to commit acts of terrorism transcending national boundaries, was life (Offense Level 43 or 45) and his sentence represented a downward departure that should be "measured from the advised life term."). Judge Young also acknowledged that his decision to sentence the defendant to 28 years' imprisonment was also based in part upon the polling of the jurors for sentencing recommendations. *See* Sentencing Tr. at 17-18 (Judge Young: "I have adopted a practice which comes out of the Sixth Circuit from Judge Gwynn. Judge Gwynn, after a criminal trial, conducts an informal poll of the jury and, without their being under oath, has them separately advise as to what they think an appropriate sentence is, then he averages them, … I follow that procedure. I followed it here. Not all of the jurors voted, but I took an average of the jurors that did, and their view -- again just their unsworn view, not part of their jury deliberations, was a sentence of 23 years. I take that into account.") One year after Wright's sentencing, the First Circuit determined that this practice was erroneous. *See United States v. Obiora*, 910 F.3d 555, 563-64 (1st Cir. 2018) (holding district court's use of *ex parte* jury polling in sentencing was erroneous). In so doing, the First Circuit recognized that juries recommend sentences significantly below the Guidelines range. *Id.* at 563. This case was no exception. According to Judge Young, the jurors recommended an average sentence of 23 years when the Guideline range was 360-life for the material support of terrorism conviction and a sentence of life for the conspiracy to commit acts of terrorism transcending national boundaries. It is unclear how much of an affect polling of the jury made upon Judge Young's ultimate sentencing decision. This, however, is immaterial to this Court as it is not bound to impose the same sentence as Judge Young or to downwardly depart from the Sentencing Guidelines.

The Court is authorized at the Defendant's resentencing "to re-evaluate and re-construct the sentence" within statutory and constitutional limits. *United States v. Rowe,* 268 F.3d 34, 40 (1st Cir. 2001). Here, the most serious count -- Count 4, which carries a maximum sentence of life imprisonment -- was affirmed. "The new sentence, in the aggregate may be more severe than the original sentence as long as it is not vindictive." *Id.*

Accordingly, contrary to the defendant's contention, *North Carolina v. Pearce*, 395 U.S. 711, 726, overruled on other grounds, *Alabama v. Smith*, 490 U.S. 794 (1989), does not prevent a newly assigned judge from imposing a more severe sentence than the original judge based upon a *de novo* process encompassing an independent evaluation of the evidence, application of the Guidelines (including enhancements and departures), and consideration of the Section 3553 factors. "Rather, the presumption envisioned in *Pearce* arises 'only in cases in which a reasonable likelihood of vindictiveness.'" *United States v. Pimienta-Redondo*, 874 F.2d 9, 12-13 (1st Cir. 1989). No such likelihood arises where a new judge who did not preside over the trial is assigned after one or more counts of conviction are reversed or vacated after appeal. In those instances, a more severe sentence may be imposed for (1) post-sentencing conduct as suggested by the defendant or (2) based upon an independent evaluation of the totality of the information concerning the defendant's background, character, and conduct under 18 U.S.C. § 3661 and the

Section 3553 factors.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ B. Stephanie Siegmann*
        B. Stephanie Siegmann
        Assistant U.S. Attorney

Certificate of Service

    I do hereby certify that a copy of foregoing was served upon the counsel of record for the defendant by electronic notice on this 10th day of April 2020.

*/s/ B. Stephanie Siegmann*
B. Stephanie Siegmann